IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA       §
                               §
VS.                            §        NO. 3-11-CV-2536-N-BD
                               §        NO. 3-09-CR-0078-N
JASON GARCIA-GONZALEZ          §
                               §
       Defendant.              §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Jason Garcia-Gonzalez, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, this case should be dismissed without prejudice.

I.

On September 26, 2011, defendant filed this action challenging his conviction and 94-month sentence for illegal reentry following removal from the United States. However, his section 2255 motion was not signed by defendant or his attorney.[1] By order dated October 3, 2011, defendant was instructed to file a signed motion on a court-approved form within 20 days. At defendant's request, the deadline for filing a signed section 2255 motion was extended to November 17, 2011. Defendant was told that no further extensions would be granted, and warned that "the failure to comply with this order will result in the dismissal of this case." *See* Order, 11/3/11. To date, defendant still has not submitted a signed section 2255 motion. The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

---

[1] Rule 2(b)(5) of the Rules Governing Section 2255 Cases requires that a motion "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Rule 11 of the Federal Rules of Civil Procedure imposes a similar requirement. *See* FED. R. CIV. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name -- or by a party personally if the party is unrepresented.").

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court twice ordered defendant to submit a signed section 2255 motion on an approved form. Defendant has failed to comply with those orders. Unless defendant submits a signed section 2255 motion, his pleadings do not comply with federal law and this action cannot proceed. Dismissal is the only option available under these circumstances. *See Brush v. Texas*, No. 3-03-CV-1017-D, 2003 WL 21353907 at *2 (N.D. Tex. Jun. 6, 2003), *rec. adopted*, (N.D. Tex. Jun. 27, 2003) (dismissing habeas case for, *inter alia*, ignoring a court order requiring petitioner to file a proper pleading).

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside his sentence should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  December 1, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE