IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-09-CR-0078-N |
| | § | NO. 3-11-CR-2536-N-BD |
| JASON GARCIA-GONZALEZ | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Jason Garcia-Gonzalez, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to illegal reentry after removal from the United States in violation of 8 U.S.C. §§ 1326(a) & (b)(1). Punishment was assessed at 94 months confinement followed by a two-year term of supervised release. His conviction and sentence were affirmed on direct appeal. *United States v. Garcia-Gonzalez*, 390 Fed.Appx. 303, 2010 WL 3023269 (5th Cir. Jul. 23, 2010). Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

II.

In two grounds for relief, defendant contends that: (1) he received ineffective assistance of counsel because his attorney failed to object at sentencing that defendant was not previously removed from the United States; (2) his guilty plea was involuntary.[1]

---

[1] Defendant raised these claims in two different section 2255 motions. The first claim was raised in a motion filed on September 26, 2011. (*See* Doc. #1). The second claim was raised in an amended motion filed on February 27, 2012. (*See* Doc. #15).

A.

Defendant faults his attorney for failing to inform the district court at sentencing that he voluntarily left the United States in 2007 following his conviction for burglary of a habitation, rather than being removed in a formal proceeding. Had counsel so informed the court, defendant believes that he would have received a "significantly lower sentence[.]" (*See* Def. Mot. at 8).

To obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a defendant must show that he was subjected to increased jail time due to the deficient performance of his attorney. *See United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004), *citing Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001). Here, defendant admitted in his factual resume that he "had previously been deported or removed from the United States of America[,]" and that he was found in the United States "after having been removed or deported from the United States on or about April 28, 2007[.]" (*See* Gov't Resp. App., Exh. 2, Fact. Res. at 1, 3). In view of these admissions, it would have been futile for counsel to object that defendant did not qualify as a previously deported alien. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997), *cert. denied*, 119 S.Ct. 418 (1998) (failure to make meritless objection cannot be grounds for ineffective assistance of counsel).

B.

Defendant also contends that his guilty plea was coerced because counsel threatened to withdraw if he did not plead guilty.[2]

---

[2] As part of its answer, the government argues that this claim is barred by the AEDPA statute of limitations because it was not raised until February 27, 2012 -- more than one year after defendant's conviction became final. (*See* Gov't Ans. at 9-10). The court need not decide this procedural issue as defendant is not entitled to federal habeas relief in any event. *See Coker v. Thaler*, 670 F.Supp.2d 541, 546 (N.D. Tex. 2009), *appeal dism'd*, No. 09-11180 (5th Cir. Jan. 28, 2010) ("Given that limitations is not jurisdictional, it follows that the Court is not required to address it prior to denying relief[.]").

1.

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005), *quoting Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him[.]" *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998), *quoting Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). Compliance with the admonishments required under Rule 11 of the Federal Rules of Criminal Procedure provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *See id.* at 627.

2.

Prior to accepting his guilty plea, the court fully admonished defendant in accordance with Rule 11. Defendant testified under oath, with the aid of a Spanish language interpreter, that he received a copy of the indictment and understood the essential elements of the offense, (*see* Gov't Resp. App., Exh. 1, Rearraign. Tr. at 8-9), that he read and understood the factual resume, (*see id.*, Exh. 1, Rearraign. Tr. at 11-12), that he understood the range of punishment for the offense, (*see id.*, Exh. 1, Rearraign. Tr. at 10-11), and that he committed all of the essential elements of the crime as set forth in the factual resume. (*Id.*, Exh. 1, Rearraign. Tr. at 9, 12). Defendant also acknowledged

that his guilty plea was not the result of any promises, threats, or assurances of any kind. (*Id.*, Exh. 1, Rearraign. Tr. at 9-10). When the court inquired if "anyone in any way tried to make you or get you to plead guilty in this case[,]" defendant responded, "No." (*Id.*). This sworn testimony carries a strong presumption of verity in a subsequent post-conviction proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Nothing in the record supports defendant's conclusory and self-serving assertion that his plea was the result of threats by counsel or was otherwise involuntary. *See Salazar v. United States*, No. 3-08-CV-1799-L, 2008 WL 4791461 at *3 (N.D. Tex. Oct. 31, 2008) (conclusory assertions in section 2255 motion do not overcome presumption of verity attached to prior testimony that guilty plea was knowing and voluntary).[3]

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

---

[3] Even if counsel threatened to withdraw, such a statement does not impact the validity of defendant's guilty plea. *See, e.g. Cothran*, 302 F.3d at 284 (potential withdrawal by counsel does not compromise voluntariness of guilty plea); *Uresti v. Lynaugh*, 821 F.2d 1099, 1101-02 (5th Cir. 1987) (suggesting that attorney has the right to withdraw if client refuses to accept a plea bargain).

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 7, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE